NO. 07-08-0093-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 21, 2008



______________________________





ANDY DEWAYNE POSEY, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE





_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 53,792-E; HON. ABE LOPEZ, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 
                                ORDER OF ABATEMENT AND REMAND
          Appellant, Andy DeWayne Posey, filed a notice of appeal from a conviction for
possession of a controlled substance in a drug-free zone and sentence of 40 years
incarceration in the Institutional Division of the Texas Department of Criminal Justice in
Cause No. 53,792-E in the 108th District Court of Potter County, Texas (the trial court). 
The appellate court clerk received and filed the trial court clerk’s record on April 11, 2008,
and received and filed the trial court reporter’s record on July 29, 2008. 
          This court has granted two prior extensions of the time for filing appellant’s brief. 
On October 8, 2008, in granting the second motion, the appellate clerk notified appellant
that the failure to comply with the October 23, 2008 deadline to file the brief may result in
the appeal being abated and the cause being remanded to the trial court for further
proceedings. See Tex. R. App. P. 38.8(b). 
          Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether
appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the
appeal; (3) if appellant desires to prosecute this appeal, whether appellant’s present
counsel should be replaced; and (4) what orders, if any, should be entered to assure the
filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant
does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal,
to assure that the appeal will be diligently pursued. If the trial court determines that the
present attorney for appellant should be replaced, the court should cause the clerk of this
court to be furnished the name, address, and State Bar of Texas identification number of
the newly-appointed or newly-retained attorney. 
          The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, and recommendations and cause them to
be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk’s
record, supplemental reporter’s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to be
received by the clerk of this court not later than December 22, 2008.  
 
                                                                           Per Curiam
Do not publish.